IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JOSHUA FRANKLIN LINEBARGER,

Plaintiff,

v. No. 1:26-cv-01173-JDB-tmp

STATE OF TENNESSEE, et al.,

Defendants.

ORDER DISMISSING THE COMPLAINT (D.E. 1) WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART; AND GRANTING LEAVE TO AMEND THE CLAIMS DISMISSED WITHOUT PREJUDICE

On August 3, 2026, Plaintiff, Joshua Franklin Linebarger, filed a pro se complaint pursuant to 42 U.S.C. § 1983 (Docket Entry ("D.E.") 1) and a motion for leave to proceed in forma pauperis. (D.E. 2 ("IFP Motion").) When Linebarger filed the complaint, he was confined at the Whiteville Correctional Facility ("WCF") in Whiteville, Tennessee and was assigned Tennessee Department of Correction prisoner identification number 00406032. (*See* D.E. 1 at PageID 2; D.E. 1-1 at PageID 13.) On August 7, 2026, the Court granted Linebarger's IFP motion and assessed the $350.00 filing fee in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915, et seq. (the "PLRA"). (D.E. 5.)[1]

[1] To the extent Linebarger purports to present claims in the complaint on behalf of the "family of Joshua Franklin Linebarger, et al., Kim Browning, Jessica Linebarger, Justin Linebarger, [and] Kelli Cooper Travis" (D.E. 1 at PageID 1 & 3), his allegations are not well taken.

First, Joshua Franklin Linebarger is the only person who signed the complaint (D.E. 1 at PageID 5), which Federal Rule of Civil Procedure 11(a) requires of each party (or their attorney of record) who files pleadings, motions and other papers in federal court. (*See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number . . . .").)

Second, the IFP Motion was submitted solely on behalf of Joshua Franklin Linebarger, who received leave to proceed in forma pauperis. (D.E. 2 at PageID 14-15; D.E. 2-2 at PageID 19-20;

The complaint (D.E. 1) is before the Court for screening pursuant to the PLRA.

For the reasons explained below: (1) the complaint is DISMISSED WITH PREJUDICE in part and WITHOUT PREJUDICE in part; and (2) leave to amend the claims dismissed without prejudice is GRANTED.

I. FACTUAL BACKGROUND

In the complaint, Linebarger sets forth that, on July 16, 2025, he fell at the WCF into "a gaping hole in the floor [of his cell] approximately (6) six inches deep" that had been left after the removal of a "handrail [that] once assisted the handicapped individual . . . using the toilet." (D.E. 1 at PageID 7-8 (the "Incident").) When "the guard finally ma[de] [her] rounds," Plaintiff "inform[ed] her of the circumstances of the situation[] which had just transpired." (*Id*. at PageID 9.) He "also inform[ed] her of the size of [his] leg, ankle, and foot[,] [a]ll [of] which were extremely swollen at this point." (*Id*.)

Linebarger next contends that he was "refused medical treatment at the time of the [I]ncident" (*id*.) and "[he] were [sic] turned away several times after that by the medical department." (*Id*. at PageID 10.) He avers that his "ankle, leg, and foot were all broken[,] by the way! This were [sic] confirmed by an outside agency." (*Id*. at PageID 9.) He further submits that "[a]fter finally being seen at least a day or two after the actual injury, [he] was not treated properly!" (*Id*. at PageID 11 (alleging that "[He] were [sic] given an opinion, by a nurse only! Her opinion [was that it was] broke[n] in at least one place. [She could] 'tell from the swelling.'").)

---

D.E. 5.) Kim Browning, Jessica Linebarger, Justin Linebarger, and Kelli Cooper Travis (*see* D.E. 1 at PageID 1 & 3) did not seek leave to proceed in forma pauperi*s* and have not paid the civil filing fee required by 28 U.S.C. § 1914.

For these reasons, the Court construes the complaint (D.E. 1) to allege claims solely on behalf of Linebarger. To the extent Browning, Jessica Linebarger, Justin Linebarger, and/or Travis seek to allege claims under 42 U.S.C. § 1983, they must (a) each file, on their own behalf, before the expiration of the applicable statute of limitations, a complaint that complies with the Federal Rules of Civil Procedure and (b) pay the civil filing fee or seek leave to proceed in forma pauperis.

Plaintiff maintains that the nurse gave him three days' worth of ibuprofen and Tylenol. (*Id.*) When he returned after three days to the WCF medical office for more medication, he was "turned away from the door by the nurse and correctional officers advising [him] 'there were [sic] nothing they could do . . . .'" (*Id.* at PageID 11-12.)

One month after the Incident, Linebarger was taken "to an outside doctor where [he] were [sic] x-rayed, examined, and denied treatment again." (*Id.* at PageID 12 (contending that "[t]he doctor let [him] know [that he] had several breaks[;] however, it had since already started to heal itself, [and] no cast would be needed. A re[-]bre[a]k would be necessary if that were the case.").)

Linebarger presents claims of: (1) "cruel and unusual punishment"; (2) "inhumane treatments"; (3) "medical neglect"; and (4) "pain and suffering from neglegences [sic] including security, medical, etc." (*Id.* at PageID 4.)

He sues: (1) the WCF; (2) CoreCivic; (3) CoreCivic of America[2]; (4) the State of Tennessee; and (5) "et al.". (*Id.* at PageID 1 & 4.)

He seeks: (1) "different kinds of injunctions for relief[,] [o]ne being declaratory, the other monetary"; and (2) "compensation." (*Id.* at PageID 5.)

II. SCREENING

A. LEGAL STANDARD

The Court must screen prisoner complaints and dismiss a complaint, or any portion thereof, if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2)

[2] Linebarger sues "CoreCivic" and "CoreCivic of America" as two distinct Defendants. (D.E. 1 at PageID 1 & 4.) According to the CoreCivic website, however, "CoreCivic of America" is not a separate company; rather, it is simply a way of referring to CoreCivic, Inc., the private prison and detention services provider. *See Corrections Corporation of America Rebrands as CoreCivic*, CoreCivic, https://www.corecivic.com/news/corrections-corporation-of-america-rebrands-as-corecivic (last visited Sept. 16, 2026). Thus, "CoreCivic of America" is the same entity that operates under the CoreCivic brand. (*See id.*) For those reasons, the Court refers collectively to Defendants (1) "CoreCivic" and (2) "CoreCivic of America" as "CoreCivic."

seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007), and in *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Applying those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It also calls for factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to pro se complaints than to those drafted by lawyers. "Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

B. REQUIREMENTS TO STATE A CLAIM UNDER 42 U.S.C. § 1983

Linebarger presents claims under 42 U.S.C. § 1983. (D.E. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

III. ANALYSIS

A. Claims Against the WCF

In Linebarger's suit against the WCF (D.E. 1 at PageID 1 & 4.), he fails to state a claim to relief as a matter of law.

"To state a claim under § 1983, a plaintiff . . . must show that the alleged violation was committed by a person acting under color of state law." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). The WCF is neither a "person" under § 1983 nor an entity capable of being sued under § 1983. *See Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Eldridge v. Tackett*, No. 21-5396, 2021 WL 8155163, at *2 (6th Cir. Sept. 7, 2021) (stating that jails "are not subject to suit under § 1983"); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (recognizing that police department is not an entity capable of being sued under § 1983); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (stating that sheriff's department "is not a legal entity subject to suit" under § 1983).

Linebarger's claims against the WCF are DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law.

B. Claims Against CoreCivic

Linebarger also sues CoreCivic (D.E. 1 at PageID 1 & 4.) but fails to allege facts stating a claim to relief against this defendant.

CoreCivic is a private company that manages the WCF which houses inmates in the custody of the Tennessee Department of Correction. *Whiteville Correctional Facility*, Tennessee Department of Correction, https://www.tn.gov/correction/state-prisons/state-prison-list/whiteville-correctional-facility.html) (last visited Sep. 18, 2026). "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care to prisoners. *Id.* at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001). CoreCivic "cannot be held liable under a theory of respondeat superior." *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). To prevail on a § 1983 claim against CoreCivic, Linebarger "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of Linebarger's constitutional rights. *See id.*

The complaint does not allege that any Defendants took actions pursuant to an unconstitutional policy or custom of CoreCivic that was the "moving force" behind any violation of Linebarger's constitutional rights. (*See* D.E. 1 at PageID 1-12.) Plaintiff does not set forth facts describing a CoreCivic policy or custom about physical facilities management or inmate medical care at the WCF, much less a policy or custom that deprived Linebarger of his constitutional rights. (*See id.*) For example, the complaint alleges that the "medical department" (D.E. 1 at PageID 10), the "nurse" (*id.* at PageID 12), and "correctional officers" (*id.*) made personal decisions, rather than followed official CoreCivic policy, in "turn[ing] [Linebarger] away from the door" for medical care. (*Id.*) Linebarger must identify an *official* CoreCivic policy or custom that caused his injuries. *See Weaver v. Henderson Cnty.*, No. 16-1134-JDT-egb, 2017 WL 90386, at *2 n.1

(W.D. Tenn. Jan. 10, 2017). The complaint's allegations must be sufficient to put CoreCivic on notice of the Plaintiff's theory of liability. *See, e.g., Fowler v. Campbell*, No. 3:06CV-P610-H, 2007 WL 1035007, at *2 (W.D. Ky. Mar. 30, 2007).

Linebarger's claims against CoreCivic are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief.

C. Claims Against the State of Tennessee

Plaintiff also sues the State of Tennessee (D.E. 1 at PageID 1 & 4.) but his claims against the State are not well taken.

"[A] State is not a person within the meaning of § 1983." *Will v. Dep't of State Police*, 491 U.S. 58, 64 (1989); *see also Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002). The Eleventh Amendment of the United States Constitution typically "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments . . . ." *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984)); *Glatz v. Newcomb*, No. 3:22-CV-235-DCLC-DCP, 2023 WL 5434755, at *2 (E.D. Tenn. Aug. 23, 2023) ("[T]he Eleventh Amendment prohibits suits against a state or its agencies in federal court for damages, unless Congress has abrogated its immunity, or the state has expressly waived it.") (citing *Pennhurst*, 465 U.S. at 100-01). "This immunity extends to claims for injunctive and equitable relief." *Glatz*, 2023 WL 5434755, at *3 (citing *Lawson v. Shelby Cnty.*, 211 F.3d 331, 335 (6th Cir. 2000)) ("[T]he [Eleventh] Amendment prohibits suits against a 'state' in federal court whether for injunctive, declaratory[,] or monetary relief." (alterations in original)). The State of Tennessee has not waived its immunity to suit under § 1983. *Berndt v. Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986); Tenn. Code Ann. § 20-13-102(a).

Plaintiff's claims against the State of Tennessee are DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law.

D. Claims Against "et al."

Linebarger's use of "et al." (D.E. 1 at PageID 1 & 4) fails to state a claim against anyone. *See Marcilis v. Twp. of Redford*, 693 F.3d 589, 596–97 (6th Cir. 2012); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002). He may not assert claims against a universe of unspecified persons who have no notice of claims against them. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties . . . .").

Linebarger's assertions against "et al." are DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law.

IV. AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a sua sponte dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. Rhode Island*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every sua sponte dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a sua sponte dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe

the right of access to the courts."). The Court grants leave to amend the claims dismissed without prejudice, under the conditions set forth below.

V. CONCLUSION

For the reasons set forth above:

A. The Court DISMISSES WITH PREJUDICE Linebarger's claims against (1) the WCF, (2) the State of Tennessee, and (3) "et al." for failure to state a claim to relief as a matter of law. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *id.* at § 1915A(b)(1). Leave to amend these claims is DENIED.

B. The Court DISMISSES WITHOUT PREJUDICE Plaintiff's actions against CoreCivic for failure to allege facts stating a claim to relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *id.* at § 1915A(b)(1). Leave to amend these claims is GRANTED.

Amended claims must be filed within twenty-one days of the date of this Order. An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Linebarger's claims. An amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleadings. Linebarger or his counsel must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the amended complaint. All claims alleged in an amended complaint must arise from the facts alleged in the complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count.

If Linebarger fails to comply with Federal Rule of Civil Procedure 8 and the Court's instructions for pleading amended claims within the time specified, the Court will dismiss

improperly pled amended claims with prejudice. If Plaintiff decides to amend his claims, he must use the "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983" form.[3]

If Linebarger fails to file an amended complaint within the time specified, the Court will dismiss the complaint with prejudice in its entirety and enter judgment. The Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

IT IS SO ORDERED this 18th day of September, 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

[3] *See U.S. Dist. Ct. for the W. Dist. of Tenn. W. Div.*, Complaint for Violation of C.R. Under 42 U.S.C., §1983 https://www.tnwd.uscourts.gov/sites/tnwd/files/CivilRightsComplaint.pdf (last accessed Sept. 9, 2026).