IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JOSHUA FRANKLIN LINEBARGER,

Plaintiff,

v. No. 1:26-cv-01173-JDB-tmp

STATE OF TENNESSEE, et al.,

Defendants.

ORDER DISMISSING CASE, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, NOTIFYING LINEBARGER OF THE APPELLATE FILING FEE, AND RECOMMENDING THIS DISMISSAL BE TREATED AS A STRIKE UNDER 28 U.S.C. § 1915(g)

On August 3, 2026, Plaintiff, Joshua Franklin Linebarger, filed a pro se complaint pursuant to 42 U.S.C. § 1983 (D.E. 1) and a motion for leave to proceed in forma pauperis. (D.E. 2.)[1] On September 18, 2026, the Court (1) dismissed the complaint (D.E.1) with prejudice in part and without prejudice in part and (2) granted leave to amend the claims dismissed without prejudice within twenty-one (21) days. (D.E. 6 at PageID 37 ("Screening Order").) Plaintiff's deadline to amend was Friday, October 9, 2026. (*See id.*) On October 16, 2026, he filed a motion for extension of time to amend. (D.E. 7.) On October 26, 2026, the Court granted his motion and extended his deadline to amend for another twenty-one (21) days. (D.E. 9 at PageID 49.) Thus, his new deadline to amend was Monday, November 16, 2026. (*See id.*)

[1] When Linebarger filed the complaint, he was confined at the Whiteville Correctional Facility ("WCF") in Whiteville, Tennessee and was assigned Tennessee Department of Correction prisoner identification number 00406032. (D.E. 1 at PageID 2; D.E. 1-1 at PageID 13.) On August 7, 2026, the Court granted the IFP Motion and assessed the civil filing fee in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915, et seq. (the "PLRA"). (D.E. 5.)

Linebarger has not filed amended claims or sought another extension of time to amend. It appears he has abandoned this action.

For these reasons, the Court DISMISSES this case with prejudice in its entirety for the reasons discussed in the Screening Order. (*See* D.E. 6 at PageID 37.) *See also* Fed. R. Civ. P. 41(b)[2]; *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court.") (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)). Judgment will be entered in accordance with the Screening Order.

For analysis of Hayes' future filings, if any, under 28 U.S.C. § 1915(g), the Court recommends that the dismissal of this case be treated as a strike. *See Simons v. Washington*, 996 F.3d 350, 352 (6th Cir. 2021). (*See also* D.E. 6 at PageID 38 (recommending that a dismissal of this case for Linebarger's failure to timely amend be treated as a strike pursuant to § 1915(g)).)

Pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A) and 28 U.S.C. § 1915(a)(3), it is CERTIFIED that any appeal in this matter by Linebarger would not be taken in good faith. If he nevertheless chooses to file a notice of appeal, he must either (1) pay the entire six hundred and five dollar ($605.00) appellate filing fee or, if he is confined at that time, (2) submit a new *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months, in compliance with 28 U.S.C. § 1915(a)-(b).

IT IS SO ORDERED this 24th day of November 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[2] "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).